IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN W. FISHBACK,  \*

  v.  \* CIVIL ACTION NO. JFM-10-2476

BOBBY SHEARIN, WARDEN  \*

\*\*\*\*\*\*

**MEMORANDUM**

On September 9, 2010, petitioner John W. Fishback filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for attempted first degree murder and a related handgun offense entered in 2001.[1] ECF No. 1. On November 5, 2010, respondents filed an answer which solely addresses the timeliness of petitioner's application. ECF No. 6. Petitioner was advised of his opportunity to file a reply, ECF No. 8, and has done so. ECF Nos. 13 & 21.

Petitioner pled guilty in the Circuit Court for Baltimore City, Maryland to charges of attempted first degree murder and a related handgun offense on October 3, 2001. ECF No. 1. He was sentenced on the same date to a sixty year term of imprisonment with all but 30 years suspended. *Id*. He did not request leave to file an appeal. *Id*. Accordingly, his convictions became final on November 2, 2001, when the time for filing an application for leave to appeal expired. *See* Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days of judgment or order from which appeal is sought).

On July 18, 2006, petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. He

---

[1] The petition, received on September 9, 2010, is signed April 18, 2010, and is deemed filed on the date of signing. *See United States. v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

withdrew the petition on October 11, 2006. Petitioner again filed for post-conviction relief on January 7, 2008. The petition was denied on April 3, 2009. Petitioner's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals in an unreported opinion, issued June 9, 2009.[2] *Id.*

Title 28 U.S. C. § 2244(d)[3] provides a one-year statute of limitations in non-capital cases for those convicted in a state case. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998), *app. dismissed*, 178 F.3d 1283 (4th Cir. 1999).

---

[2] Documents provided by plaintiff also show that he filed a motion for modification of sentence on December 3, 2001, which was denied one month later on January 3, 2002. ECF 1, Ex. 4.

[3] This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under 28 U.S.C. §2244 (d)(1)(A) the statute of limitations began to run in petitioner's case on November 2, 2001. Over four years passed between the time when petitioner's conviction became final and the initial filing for post-conviction relief. Petitioner had no properly filed motions pending during this time period which would have served to toll the limitations period, other than the motion for modification of sentence, which at most would have tolled the limitations period for one month. *See* ECF No. 1, Ex. 4. As such, pursuant to 28 U.S.C. § 2244 (d)(1)(A) the petition is time barred.

In *Holland v. Florida,* --- U.S. ----, 130 S.Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id*. at 2554. Specifically, the court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[4]

Petitioner indicates that equitable tolling should apply to his claims because he suffers from cognitive impairment. ECF 13. Petitioner indicates that Dr. Neil Howard Blumberg testified during his state post-conviction proceedings that petitioner "suffered from significant cognitive impairment." *Id*. He has offered no evidence that any cognitive impairment precluded him from pursuing his state post-conviction proceedings in a timely manner so as to preserve his right to federal review. In short, petitioner provides no reason why his mental condition barred him from filing his habeas petition. In sum, he has failed to meet his burden of proof to justify equitable tolling by showing that "circumstances beyond his control" prevented him from filing a timely

---

[4] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable

3

petition. Petitioner has identified his mental deficiencies, but cannot show that this condition was so severe as to seriously affect his ability to pursue his legal rights during the relevant time period. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 169-70 (S.D. N.Y. 2000).

Moreover, petitioner's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the court does not find petitioner's arguments for equitable tolling compelling. *See Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason

---

tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

      A separate Order follows.

   <u>November 29, 2011</u>                                        <u>    /s/                              </u>
Date                                                                                   J. Frederick Motz
                                                                                   United States District Judge